Howard A. Zeller, J.
This action was brought to recover the value of medical services rendered defendant. In 1973 plaintiffs rendered medical services to defendant in connection with defendant’s pregnancy, birth of a child and a related matter. Defendant and her husband then resided together and have continued to live with each other. The services were a necessity and their value is not in dispute.
During defendant’s pretreatment interview by a nurse at plaintiffs’ office she was questioned about her husband’s employment and his possible insurance coverage. Defendant was not asked about her financial status or employment. Plaintiffs never billed defendant in her name for their services. Prior to the initiation of this suit against defendant, defendant’s husband filed in bankruptcy and listed plaintiffs’ bill in his petition.
Defendant’s only defense to this action is that the medical services rendered were necessaries for which her husband is solely responsible. In the past at common law husband and wife were in legal contemplation one person and the husband was that person, the legal existence of the wife was considered *480 suspended during marriage and merged in that of the hysband. (41 CJS, Husband and Wife, § 5.)
The thrust of recent law tends to abolish the common-law theoretical unity of husband and wife. A married woman now may own property, may enter into legal relationships, has a right of action for injury to her person, property or character "as if unmarried”, and may retain any recovery as her separate property. (General Obligations Law, §§ 3-301, 3-313.) "Judgment for or against a married woman, may be rendered and enforced * * * as if she was single.” (General Obligations Law, § 3-301, subd 3.)
The medical services rendered were necessaries for which defendant’s husband was responsible but he was not solely responsible therefor. In this day and age a married woman is also responsible for medical services rendered to her at her request in the absence of an agreement to relieve her of personal liability. The questions asked and omitted by plaintiffs’ nurse and the failure to bill her do not constitute an express or implied agreement not to hold her liable.
Plaintiffs may enter judgment for the amount sought.